## UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

---

Live Face on Web, LLC,

Case No. 17-cv-2127 (WMW/KMM)

Plaintiff,

**ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL**

v.

Renters Warehouse, LLC, doing business as Renters Warehouse; and Kevin Ortner,

Defendants.

---

Plaintiff Live Face on Web, LLC (Live Face), initiated this copyright-infringement lawsuit, alleging that Defendants Renters Warehouse, LLC, and Kevin Ortner used Live Face's software without a license. Currently before the Court is Live Face's motion to voluntarily dismiss its claim against Ortner. For the reasons addressed below, Live Face's motion is granted and the claim against Ortner is dismissed with prejudice.

## BACKGROUND

Renters Warehouse is a Minnesota limited liability company of which Kevin Ortner is the chief executive officer (CEO). Previously known as Hayden & Company, LLC, Renters Warehouse is a branch of a national franchising entity called Renters Warehouse USA, LLC. Live Face, a software development company, licenses its copyrighted software to clients for use on their websites. Live Face asserts a claim for copyright infringement against Renters Warehouse and Ortner under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*

Live Face alleges that Defendants "used, copied and distributed, without permission, the infringing version of [the software], thereby infringing upon [Live Face's] rights in its copyrighted work." Live Face also alleges that Ortner controlled Renters Warehouse's website when the alleged infringement occurred.

On August 11, 2017, Ortner served on Live Face an offer of judgment in the amount of one dollar. *See* Fed. R. Civ. P. 68. Live Face rejected Ortner's offer, and the parties began discovery. Currently before the Court is Live Face's motion to voluntarily dismiss Ortner from the lawsuit. (Dkt. 24.) Defendants oppose the motion.

## ANALYSIS

After a defendant files an answer or a motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A party may not voluntarily dismiss a case for the purpose of escaping an adverse decision or seeking a more favorable forum. *Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1213-14 (8th Cir. 2011). The decision to allow a party to voluntarily dismiss a case rests within the sound discretion of the district court. *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999). When determining whether voluntary dismissal is warranted, courts consider three factors: (1) whether the plaintiff presents a proper explanation for its motion, (2) whether dismissal would result in a waste of judicial time and effort, and (3) whether dismissal would prejudice the defendants. *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013). Here, Defendants argue that all three factors favor denying Live Face's motion for voluntary dismissal and that Live Face seeks to escape an adverse decision.

# I.

Because dismissal *with* prejudice would entitle them to attorneys' fees and costs under Rule 68, Defendants argue, they would suffer significant prejudice if the claim against Ortner is voluntarily dismissed without prejudice.   Live Face disputes this contention.  "[A] party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms."  Fed. R. Civ. P. 68(a).  "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."  Fed. R. Civ. P. 68(d).  The purpose of Rule 68, which applies only to judgments obtained by the plaintiff, is to encourage settlement by providing "an additional inducement to settle in those cases in which there is a strong probability that the plaintiff will obtain a judgment but the amount of recovery is uncertain."  *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981).

On August 11, 2017, Ortner served a Rule 68 offer of judgment in the amount of one dollar on Live Face.  If Ortner is dismissed *with* prejudice now, Defendants argue, Live Face will have received a judgment that is not more favorable than the unaccepted offer that was tendered, which consequently would entitle Defendants to attorneys' fees and costs incurred since the date of the offer.  But if Ortner is dismissed *without* prejudice, Live Face will not have received a judgment that satisfies Rule 68 and Defendants will be prejudiced by the lost opportunity to seek fees and costs.

Defendants' argument is unpersuasive for two reasons.  First, at oral argument, Live Face asserted that it seeks Ortner's dismissal with *or* without prejudice, so long as each

side bears its own fees and costs.  Thus, to the extent that Defendants' argument depends on a distinction between dismissal with and without prejudice, their argument is unavailing.

Second, Defendants' Rule 68 argument is foreclosed by the *Delta Air Lines* decision, in which the Supreme Court of the United States addressed the effect of a rejected Rule 68 offer after the plaintiff proceeded to trial and judgment for the defendant was entered.  450 U.S. at 348-49.  Under those circumstances, Rule 68 does *not* require the plaintiff to pay the defendant's post-offer costs because "the plain language of Rule 68 confines its effects to [the type of case] in which the plaintiff has obtained a judgment for an amount less favorable than the defendant's settlement offer."  *Id.* at 351; *accord Tunison v. Cont'l Airlines Corp.*, 162 F.3d 1187, 1193-94 (D.C. Cir. 1998); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 333 (5th Cir. 1995) ("If a plaintiff takes nothing . . . Rule 68 does not apply."); *see also Felders v. Bairett*, 885 F.3d 646, 656 (10th Cir. 2018) ("Rule 68's role seems to be solely in the context of actual litigation—where plaintiff has proceeded through litigation to victory but with an award less than the pretrial Rule 68 offer of judgment.").

In summary, unless Live Face goes to trial and obtains a judgment against Ortner for less than one dollar, Rule 68 does not entitle Ortner to an award of attorneys' fees and costs.  For this reason, voluntary dismissal of Live Face's claim against Ortner will not prejudice Defendants.

## II.

Live Face asserts that it seeks dismissal because it cannot ascertain Ortner's role at Renters Warehouse or the scope of Ortner's involvement in the alleged infringement.

Defendants challenge this explanation, arguing that Live Face merely seeks to avoid an adverse judgment.

Live Face maintains that, because of publicly available information that is inaccurate and Defendants' misleading and inconsistent discovery responses, Live Face cannot determine Ortner's role and responsibilities at Renters Warehouse. According to Live Face, despite its "diligent[] attempt[s] to discern exactly who the CEO of Renters Warehouse was during the time of infringement," Live Face is unable to do so. Much of Live Face's confusion concerning the discovery responses apparently is attributable to the existence of two similarly named corporate entities, Renters Warehouse USA, LLC, a "national franchising entity," and Defendant Renters Warehouse, the Minnesota franchise of Renters Warehouse USA, LLC. Based on Defendants' discovery responses, Renters Warehouse founder Brenton Hayden, not Ortner, was the CEO of Defendant Renters Warehouse during the alleged infringement period, between March 2012 and May 2013. But discrepancies exist in Defendants' discovery responses and the publicly available information concerning the relationship between the corporate entities as well as Hayden's and Ortner's respective involvement with them. Although Live Face's argument—that it could not ascertain the roles and responsibilities of Ortner and Hayden—suggests that basic research was not undertaken, the proffered explanation for dismissal is plausible and the Court discerns no improper motive.

In short, although Live Face's proffered explanation for its motion for voluntary dismissal suggests a lack of due diligence, the Court discerns no improper or impermissible motive for Live Face's motion for voluntary dismissal.

### III.

Live Face argues that voluntary dismissal will not result in a waste of judicial time and effort because the lawsuit is still in its early stages and dismissal of Ortner will streamline the legal issues before the Court. Defendants disagree, arguing that, because Live Face might later refile its claim against Ortner, dismissal without prejudice will waste judicial time and effort.

Whether voluntary dismissal will waste judicial time and effort depends on how far a lawsuit has progressed. *See Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 728 (8th Cir. 2014). The Eighth Circuit has affirmed voluntary dismissal during discovery, *see id.*, as well as before any rulings on pretrial matters, *see Blaes v. Johnson & Johnson*, 858 F.3d 508, 513-14 (8th Cir. 2017). Here, in the midst of discovery, the case is many months from being trial-ready. Moreover, Live Face consents to dismissing with prejudice its claim against Ortner, which at this early stage will conserve judicial time and effort by streamlining discovery and narrowing the legal issues before the Court.

In summary, Live Face's explanation for seeking voluntary dismissal of Ortner is not improper, nor is this voluntary dismissal a vehicle for forum shopping or avoiding an adverse judgment. Defendants' argument that they will be prejudiced by voluntary dismissal because it will deny them Rule 68 fees and costs is without merit. In addition, because this lawsuit is in its early stages and Ortner will be dismissed with prejudice, there is no adverse effect on the Court. For these reasons, the Court grants Live Face's motion and dismisses the claim against Ortner with prejudice.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Live Face on Web, LLC's motion to voluntarily dismiss Defendant Kevin Ortner, (Dkt. 24), is **GRANTED**, and Plaintiff's claim against Ortner is **DISMISSED WITH PREJUDICE**.

Dated:  August 28, 2018                              s/Wilhelmina M. Wright
                                                     Wilhelmina M. Wright
                                                     United States District Judge