UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Live Face on Web, LLC, | Case No. 17-cv-2127 (WMW/KMM) |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR ATTORNEYS' FEES AND COSTS** |
| Renters Warehouse, LLC, and Kevin Ortner, | |
| Defendants. | |

This matter is before the Court on Defendant Kevin Ortner's motion for attorneys' fees and costs. (Dkt. 63.) For the reasons addressed below, the motion is denied.

## BACKGROUND

Plaintiff Live Face on Web, LLC (Live Face) develops software and video technology, including software that enables its customers to display videos of a "personal host" on their websites. The personal host serves as a virtual guide to online visitors. Defendants are Renters Warehouse, LLC, and its current chief executive officer (CEO), Kevin Ortner.

Live Face initiated this copyright-infringement action against Renters Warehouse and Ortner on June 20, 2017. Live Face alleges that, in violation of its software copyrights, Defendants featured a "personal host" on the Renters Warehouse website.[1] Live Face's

---

[1] Based on documents obtained during discovery, Live Face estimates that the infringing activity occurred between March 20, 2012 and May 2, 2013.

complaint asserts that Ortner was either the owner, CEO, or president of Renters Warehouse during the alleged infringement period.

Renters Warehouse and Ortner responded to Live Face's discovery requests on December 29, 2017. Their responses revealed that Brenton Hayden, not Ortner, was the CEO of Renters Warehouse during the alleged infringement period. Live Face subsequently filed a motion to dismiss the claim against Ortner on February 9, 2018. In its supporting memorandum, Live Face insisted that its initial decision to name Ortner as a defendant was reasonable in light of Renters Warehouse's "confusing" and "inconsistent" public information.

The Court granted Live Face's motion on August 28, 2018, and dismissed Live Face's claim against Ortner with prejudice. In doing so, the Court observed that "[a]lthough Live Face's argument . . . suggests that basic research was not undertaken, the proffered explanation for dismissal is plausible and the Court discerns no improper motive." In addition, the Court denied Ortner's request for attorneys' fees and costs under Rule 68, Fed. R. Civ. P., but was otherwise silent with respect attorneys' fees and costs.[2]

Ortner now seeks attorneys' fees and costs under the Copyright Act, 17 U.S.C. § 505 (Section 505), on the grounds that Live Face's copyright-infringement claim against him was meritless.

---

[2] The Court's October 23, 2018 amended judgment reflects that Live Face and Renters Warehouse were ordered to bear their own attorneys' fees and costs with respect to the dismissal of Renters Warehouse. No such court-ordered fee arrangement exists between Live Face and Ortner.

**ANALYSIS**

Live Face opposes Ortner's motion for attorneys' fees and costs and argues that the motion is untimely, Ortner is not a "prevailing party," and the equities do not favor an award.  The Court addresses each argument in turn.

**I.     Timeliness**

Live Face contends that Ortner's October 11, 2018 motion for attorneys' fees and costs is untimely in light of the August 28 Order dismissing Live Face's claim against Ortner with prejudice.  A party's motion to recover attorneys' fees and costs is timely if it is "filed no later than 14 days after the entry of judgment," unless a statute or court order provides otherwise.  Fed. R. Civ. P. 54(d)(2)(B).  The Court entered judgment in this case on October 2, 2018.  Although Live Face argues that the August 28 Order constitutes a "judgement," Live Face provides no legal basis for such a characterization.   The 14-day deadline is properly measured from the October 2, 2018 judgment.

Accordingly, the Court concludes that Ortner's October 11, 2018 motion for attorneys' fees and costs is timely.

**II.     Classification as a Prevailing Party**

Live Face asserts that, because Ortner cannot be considered a prevailing party, he is not entitled to recover attorneys' fees and costs under Section 505 of the Copyright Act.

Only prevailing parties may recover attorneys' fees and costs under Section 505.  17 U.S.C. § 505.  A prevailing party is one that receives from a court relief that "create[s] a material alteration of the legal relationship of the parties." *Cadkin v. Loose*, 569 F.3d

1142, 1148 (9th Cir. 2009) (internal quotation marks omitted) (interpreting "prevailing party" under Section 505 of the Copyright Act as consistent with the interpretation of that term by the Supreme Court of the United States under a different act). Voluntary dismissal with prejudice materially alters the legal relationship between parties. *See id.* at 1149-50; *see also Riviera Distribs., Inc. v. Jones*, 517 F.3d 926, 928 (7th Cir. 2008). Although the United States Court of Appeals for the Eighth Circuit has not squarely addressed the definition of prevailing party under Section 505, the Eighth Circuit has determined that "[a] party may be deemed prevailing if he or she obtains a favorable settlement of the case, if the plaintiff has sought a voluntary dismissal of a groundless complaint, or even if he or she does not ultimately prevail on all issues." *See U.S. for Heydt v. Citizens State Bank*, 668 F.2d 444, 447 (8th Cir. 1982) (internal citations omitted) (interpreting "prevailing party" in the context of the Civil Rights Attorney's Fee Awards Act).

Live Face argues that under the legal standard articulated in *Heydt*, voluntary dismissal of a party confers prevailing-party status only if the underlying complaint was "groundless." *See id.* Because its underlying copyright claims were not groundless, Live Face argues, Ortner did not become a prevailing party when the Court voluntarily dismissed the claim against him with prejudice. However, Live Face provides no authority, nor is the Court aware of any, in which the standard in *Heydt* has been construed so narrowly. Here, the Court dismissed the claim against Ortner with prejudice, and that dismissal materially altered the legal relationship between Ortner and Live Face. Consistent with various circuit courts' interpretations of "prevailing party," this Court

4

holds that Ortner is a prevailing party under Section 505.  *See, e.g.*, *Cadkin*, 569 F.3d at 1149-50; *Riviera Distribs.*, 517 F.3d at 928.

Accordingly, as a prevailing party, Ortner may seek relief under Section 505.

**III.    Equitable Analysis**

Live Face next contends that the present circumstances do not justify an award for attorneys' fees and costs.

Section 505 provides that "the court in its discretion may allow the recovery of full costs by or against any party" and, "[e]xcept as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505.  Courts exercise their equitable discretion when conducting this analysis. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994).  No precise formula governs the Section 505 analysis.  *Id.*  Instead, courts may consider a variety of nonexclusive factors, including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  *Id.* at 534 n.19 (internal quotation marks omitted).  The objective reasonableness of a losing party's argument is a significant, albeit not a controlling, factor in this analysis.  *See Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1989 (2016); *cf. id.* at 1988 ("[A] court may award fees even though the losing party offered reasonable arguments (or, conversely, deny fees even though the losing party made unreasonable ones).").

The Court addresses the relevant factors below.

5

### A. Objective Reasonableness of Live Face's Position

In support of his motion for attorneys' fees and costs, Ortner maintains that it was objectively unreasonable for Live Face to name him as a defendant in this lawsuit.

The objective reasonableness of a losing party's position is given significant weight in a Section 505 analysis. *See id.* at 1989. When deciding whether to award attorneys' fees and costs under Section 505, courts consider whether the losing party had serious or colorable arguments in support of its position. *See id.* at 1988; *Hartman v. Hallmark Cards, Inc.*, 833 F.2d 117, 123 (8th Cir. 1987).

At issue here is Live Face's decision to name Ortner as a defendant. A corporate executive may be vicariously liable for copyright infringement by its corporation if the executive had the "right and ability to supervise the infringing activity" and an "obvious and direct financial interest in exploitation of copyrighted materials." *RCA/Ariola Int'l, Inc. v. Thomas & Grayston Co.*, 845 F.2d 773, 781 (8th Cir. 1988). A party's lack of due diligence in researching a defendant named in a lawsuit does not automatically render the party's decision to pursue claims against that defendant objectively unreasonable. *See, e.g.*, *Killer Joe Nevada, LLC v. Does 1-20*, 807 F.3d 908, 911-12 (8th Cir. 2015) (affirming district court's denial of attorneys' fees even though plaintiff sued a computer subscriber who was identified only by Internet protocol address "without investigating whether the subscriber herself had infringed the copyright").

Ortner insists that Live Face could have discovered that Ortner was not the CEO of Renters Warehouse during the alleged infringement period had Live Face exercised due

6

diligence. Ortner argues that the "prudent" course of action would have been for Live Face to sue Renters Warehouse first and later join other defendants, only after obtaining additional information. But Ortner's argument misses the mark as prudence is not the standard by which the award of attorneys' fees and costs is measured under Section 505.

In contrast, Live Face asserts that amid contradictory publicly available information, it had reason to believe that Ortner was the CEO or, at the very least, Ortner held the title of president or COO of Renters Warehouse during the alleged infringement period. As such, Live Face raises a colorable argument that Ortner held a supervisory role at Renters Warehouse during the relevant time period and had a financial incentive to exploit the copyrighted materials. To echo the conclusion of this Court's August 28 Order, although Live Face may have failed to undertake basic research before naming Ortner as a defendant in this lawsuit, its proffered explanation for naming Ortner as a defendant is plausible.

For these reasons, the objective reasonableness factor favors Live Face.

### B. Live Face's Motivation

A party's motivation in initiating or perpetuating litigation is another relevant factor in a Section 505 analysis. *See Fogerty*, 510 U.S. at 534 n.19. Ortner does not allege that Live Face acted with an improper motive.[3] Rather, Ortner contends that improper motivation is not a prerequisite to receiving an award of attorneys' fees and costs.

---

[3] Live Face, however, argues that *Ortner* had an improper motivation in prolonging his participation in defending this lawsuit. Because this factor generally focuses on only the losing party's motivation, the Court does not address Live Face's accusations here. *See, e.g.*, *Action Tapes, Inc. v. Mattson*, 462 F.3d 1010, 1014 (8th Cir. 2006) (stating that the "losing litigant's motivations" are a factor in a Section 505 analysis).

7

Although the propriety of a losing party's motivation is not *dispositive*, it is a relevant factor for a court to consider when making an equitable determination of whether to issue attorneys' fees and costs under Section 505. *See id.* The timing of a party's litigation conduct may aid a court in discerning the party's underlying motivation. For example, in *Killer Joe Nevada*, the Eighth Circuit held that the district court did not abuse its discretion by inferring that the plaintiff had proper motives to sue the defendant based on the plaintiff's prompt dismissal of the lawsuit after learning that the defendant was not the infringer. *See* 807 F.3d at 912.

Shortly after Ortner responded to Live Face's discovery requests on December 29, 2017, and asserted that he did not control Renter Warehouse's website during the relevant time period, Live Face moved to voluntarily dismiss the claim against Ortner. Live Face's prompt response suggests that Live Face was not harboring an improper motive. Indeed, this Court previously observed that it "discern[ed] no improper motive" when Live Face moved to dismiss the claim against Ortner. The Court still discerns none.

Accordingly, this factor favors Live Face.

### C. Need for Compensation and Deterrence

Finally, Ortner argues that an award of attorneys' fees and costs in this case will satisfy the need for compensation and deterrence. He should be compensated, Ortner contends, for the expense of having to defend against this lawsuit. Moreover, an award would deter Live Face and others from initiating lawsuits based on guesswork instead of research, Ortner asserts.

Compensation and deterrence are needed most when a party's lawsuit is objectively unreasonable, frivolous, or intended to harass the opposing party. *See Bar-Meir v. N. Am. Die Cast Ass'n*, 176 F. Supp. 2d 944, 950 (D. Minn. 2001). In such cases, there is a pressing need to compensate the party that was harassed and deter parties from engaging in bad-faith litigation practices. *See id.* But Live Face's decision to name Ortner as a defendant was not objectively unreasonable or frivolous, nor can the Court discern any improper motive underlying Live Face's decision. This case does not present a strong need for deterrence or compensation.

For these reasons, this factor weighs only marginally in favor of Ortner.

**D. Conclusion**

On balance, the factors do not favor an award of attorneys' fees and costs under Section 505. Accordingly, Ortner's motion for attorneys' fees and costs is denied.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Kevin Ortner's motion for attorneys' fees and costs, (Dkt. 63), is **DENIED**.

Dated: March 8, 2019

s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge

9